# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAM BIDDLE**<br>1927 1/2 DELTA STREET<br>LOS ANGELES, CA 90026<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**U.S. DEPARTMENT OF DEFENSE**<br>1155 DEFENSE PENTAGON<br>WASHINGTON, DC 20301<br>　　　　　　　Defendant. | **Civil Action No.** |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff **Sam Biddle**, a journalist for *The Intercept,* brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., to compel the production of records relating to the use of Google technology, software or hardware by the Algorithmic Warfare Cross-Functional Team ("Project Maven") from Defendant U.S. DEPARTMENT OF DEFENSE.

2. This FOIA action is necessary because Defendant has failed to comply with its obligations under FOIA even after repeated administrative appeals whereby Defendant's own FOIA Appeals office rejected Defendant's justification for withholding responsive records.

3. Plaintiff seeks declaratory relief that Defendant has violated FOIA by failing to timely respond to Plaintiff's requests, and injunctive relief requiring Defendant to immediately process and release the requested records.

### I.　　JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

5.   Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## II.   PARTIES

6.   Plaintiff Sam Biddle is a reporter for *The Intercept*, a publication of The Intercept Media, Inc. ("Intercept Media"), an American news organization that seeks to provide the public with original, independent journalism concerning the institutions and individuals responsible for shaping our world. Mr. Biddle was previously a senior writer at *Gawker*, editor of *Valleywag*, and a senior reporter at *Gizmodo*. His work has also appeared in *The Awl*, *GQ*, the *New York Times Magazine*, the *New Yorker*, and *Vice*.

7.   Intercept Media is a non-profit, non-partisan organization based in New York City and organized under section 501(c)(3) of the Internal Revenue Code.

8.   Prior to a recent restructuring, *The Intercept* was published by First Look Institute, Inc (f/k/a/ First Look Media Works, Inc.) ("First Look"). In 2023, First Look spun off Intercept Media as an independent non-profit to take over as publisher of *The Intercept.*

9.   Defendant U.S. DEPARTMENT OF DEFENSE ("DOD") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552. DOD is headquartered at the Pentagon in Arlington County, Virginia.

10.   DOD has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## III.   STATUTORY FRAMEWORK

11.   FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

12. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

13. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

14. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

15. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

16. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

17. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

18. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**IV.     FACTUAL BACKGROUND**

    A.     **Project Maven**

19.     The Algorithmic Warfare Cross-Functional Team, code-named "Project Maven," is DOD's attempt to accelerate "integration of big data and machine learning" in order to "turn the enormous volume to data available to DoD into actionable intelligence and insights at speed."[1]

20.     Numerous news stories and articles documented Google's involvement assisting DOD with Project Maven.[2]

21.     DOD's partnership with Google has been controversial. According to a report in the *New York Times*, in September 2017, the chief scientist for A.I. at Google Cloud wrote an email to colleagues advising them to "Avoid at ALL COSTS any mention or implication of AI" and writing that "[w]eaponized AI is probably one of the most sensitized topics of AI — if not THE most. This is red meat to the media to find all ways to damage Google."[3]

---

[1] *See* Mem. From Deputy Secretary of Defense Robert Work re: Establishment of an Algorithmic Warfare Cross-Functional Team (Project Maven) (Apr. 26, 2017), https://www.govexec.com/media/gbc/docs/pdfs_edit/establishment_of_the_awcft_project_maven.pdf; Gregory C. Allen, *Project Maven brings AI to the fight against ISIS*, The Bulletin, Dec. 21, 2017, https://thebulletin.org/2017/12/project-maven-brings-ai-to-the-fight-against-isis/.

[2] *See, e.g.*, Lee Fang, *Google is Quietly Providing AI Technology for Drone Strike Targeting Project*, The Intercept, Mar. 6, 2018, https://theintercept.com/2018/03/06/google-is-quietly-providing-ai-technology-for-drone-strike-targeting-project/; Kate Conger and Dell Cameron, *Google is Helping the Pentagon Build AI for Drones*, Gizmodo, Mar. 8, 2018, https://gizmodo.com/google-is-helping-the-pentagon-build-ai-for-drones-1823464533.

[3] Scott Shane et al., *How a Pentagon Contract Became an Identity Crisis for Google*, N.Y. Times, May 30, 2018, https://www.nytimes.com/2018/05/30/technology/google-project-maven-pentagon.html.

22. Following media reports regarding Google's involvement in Project Maven, thousands of Google employees protested the company's participation, and, in March 2018, Google announced that it would not renew its Project Maven contract with DOD.[4]

23. Despite openly withdrawing from Project Maven, Google has continued to work with DOD, including on projects involving machine learning and artificial intelligence.[5]

B. **FOIA Request**

24. On March 6, 2018 Plaintiff submitted a FOIA Request to DOD seeking "records pertaining to the Algorithmic Warfare Cross-Functional Team's use of Google technology, software or hardware," using the date range January 1, 2017 to March 6, 2018. Mr. Biddle requested a fee waiver on the basis of his work as a journalist for *The Intercept*. Exhibit A.

25. On or around February 12, 2019, well beyond the statutory deadline, Stefanie L. Carr, the Chief of DOD's Freedom of Information Division ("FOID") sent a response to Mr. Biddle, assigning his request tracking number 18-F-0619, and identifying an "estimated 5000 pages" of records responsive to the request. Exhibit B (the "First Denial"). The letter went on to explain that the records, per the decision of "Col. Drew Cukor, Chief, Algorithmic Warfare Cross Function Team, Office of the Under Secretary of Defense for Intelligence, in his capacity as an Initial Denial Authority," "**must be withheld in their entirety**" citing Exemptions 3, 4, 5 and 6 of FOIA as well as 10 U.S.C. § 130e. *Id.* (emphasis added).

---

[4] *See, e.g.*, Lee Fang, *Google Won't Renew its Drone AI Contract, but it May Still Sign Future Military AI Contracts*, The Intercept, June 1, 2018, https://theintercept.com/2018/06/01/google-drone-ai-project-maven-contract-renew/.

[5] *See, e.g.*, Tom Simonite, *3 Years After the Project Maven Uproar, Google Cozies to the Pentagon*, Wired, Nov. 18, 2021, https://www.wired.com/story/3-years-maven-uproar-google-warms-pentagon/.

26. In its "Statement of the Basis for the Determination by the Chief Management Officer" DOD asserted that Exemption 3 applied on the ground that every one of the 5000 responsive records qualified as "critical infrastructure security information" per 10 U.S.C. § 130e. Exhibit B at 4.

27. DOD provided no explanation for its reliance on Exemptions 4, 5, and 6 to deny the Plaintiff Biddle's FOIA request.

28. On April 30, 2019, First Look, on behalf of Plaintiff, submitted an administrative appeal to the Office of the Chief Management Officer explaining that Exemption 3 does not apply to the requested information due to the fact that such information does not qualify as "critical infrastructure" under 10 U.S.C. § 130e (which applies to physical infrastructure), and in any case, does not forbid disclosure of such information. Exhibit C at 3-6. The appeal also cited DOD's failure to provide an explanation for its reliance on Exemptions 4, 5, and 6 as bases on which to deny the Mr. Biddle's FOIA request. *Id.*

29. On or about May 7, 2019, First Look received a letter from James P. Hogan (Chief, DOD FOIA Policy), assigning the appeal a new tracking number 18-A-0619-A1, and writing that he had "reviewed your appeal and I am remanding your request [to] FOID to reopen your initial file and conduct a new review of the responsive pages." Exhibit D (the "Initial Remand").

30. By information and belief, Plaintiff did not receive a timely response from FOID following the Initial Remand.

31. After failing to receive a response from FOID—and following months of inquiries—Plaintiff, through counsel, learned that FOID had issued a response to the Initial

Remand on July 19, 2019. Exhibit E (the "Second Denial"). However, neither Plaintiff nor First Look received this correspondence, which had been incorrectly addressed.[6]

32. Plaintiff ultimately received a copy of the Second Denial on November 26, 2019 when the DOD case officer then responsible for handling the FOIA request transmitted the Second Denial to First Look via email. See Exhibit F.

33. In its Second Denial, FOID again denied Plaintiff's request. In doing so, FOID articulated no additional justification for the denial. Rather, FOID wrote only that the Office of the Undersecretary of Defense for Intelligence "took another look," and that the Initial Denial Authority "determined that the response sent to Mr. Biddle on February 12, 2019 was proper and the information withheld is exempt from public disclosure" pursuant to the same FOIA exemptions that FOID cited in the First Denial. Exhibit E at 1.

34. On February 19, 2020, Plaintiff, by counsel, once again appealed the denial of the release of the requested records. Exhibit G.

35. On or about September 20, 2020, Plaintiff, by counsel, received a letter dated September 17, 2020 from Lyn M. Kirby (Chief, Defense Privacy, Civil Liberties, and Transparency Division), assigning the appeal an additional tracking number 18-A-0619-A2, and stating that Ms. Kirby would again be "remanding [Plaintiff's] request to FOID to reopen your initial file and conduct a new review of the responsive records relating to your initial request." Exhibit H ("Second Remand").

---

[6] Due to an apparent typo, the July 19, 2019 letter was addressed to:
    Ms. Kay Murray
    First Look Media Works, Inc.
    114 **Firth** Ave.
    New York, NY 10011
Exhibit E at 1 (emphasis added).

36. By information and belief, FOID never issued a letter in response to the Second Remand.

37. Per an email dated July 22, 2022, Adam Johnson (FOIA Appeals Analyst, Defense Privacy, Civil Liberties, and Transparency Division) advised Plaintiff's counsel that FOID stated that it had "responded to this request on 9/22/2020. I am following up with them to confirm whether they sent a response to you at that time, and if so, if they can provide me with a copy of that so I can pass along to you. They indicated they were upholding their original decision on the second remand." Exhibit I at 2.

38. Plaintiff has not received communications from FOID or the DOD FOIA Appeals Office since August 17, 2022, when Plaintiff's counsel advised Mr. Johnson that they had never received a response to the Second Remand. Exhibit I at 1.

39. By information and belief, FOID never issued a letter in response to the Second Remand.

40. As of the date of this Complaint, DOD has not produced any responsive documents.

41. Where Defendant has failed to provide any substantive responses to the request within the statutory timeframe, it has constructively denied the request. As such, Plaintiff has exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

V. **PLAINTIFFS' CLAIMS FOR RELIEF**

### COUNT I
### (Failure to Respond Within the Statutory Timeframe)

33. Plaintiff repeats and re-alleges the preceding paragraphs.

34. Defendant DOD failed to respond to Plaintiff's request within the statutory

timeframe.

35. Defendant DOD also failed to respond to the Second Remand.

## COUNT II
**(Failure to Produce Records Responsive to Plaintiff's FOIA Request)**

42. Plaintiff repeats and re-alleges the preceding paragraphs.

43. With its March 6, 2018 FOIA request, Plaintiff properly requested records within the possession, custody, and control of Defendant DOD.

44. In its First Denial, Defendant DOD admitted that it possessed responsive agency records.

45. Defendant DOD wrongfully withheld agency records requested by Plaintiff by withholding from disclosure records responsive to Plaintiff's request in spite of DOD itself twice remanding the request on appeal of DOD's denials.

46. Plaintiff is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in the March 6, 2018 FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Find that Defendant DOD's failures to respond and to produce the requested records were unlawful.

(2) Order Defendant DOD to immediately and fully process the March 6, 2018 FOIA request and to disclose all non-exempt documents immediately and at no cost to Plaintiff;

(2) Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records at no cost to Plaintiff;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiff's costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Dated: 05/15/2023

                    HUGHES HUBBARD & REED LLP

By:    */s/ Benjamin Britz*
Benjamin Britz
(D.C. Bar No. 499232)
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: +1 (202) 721-4600
Fax: +1 (202) 721-4646
**benjamin.britz@hugheshubbard.com**

Justin Pendleton*
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: +1 (202) 721-4600
Fax: +1 (202) 721-4646
justin.pendleton@hugheshubbard.com

Stephen A. Fowler*
1 Battery Park Plaza
New York, NY 10004
Telephone: Office +1 (212) 837-6000
Fax: +1 (212) 422-4726
stephen.fowler@hugheshubbard.com
*Pro hac vice application forthcoming*

*Attorneys for Plaintiff*
*Sam Biddle*

10