UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM BIDDLE,

    *Plaintiff*,

v.

DEPARTMENT OF DEFENSE,

    *Defendant*.

Civil Action No. 23-1380 (TJK)

## MEMORANDUM ORDER

Plaintiff Sam Biddle submitted a Freedom of Information Act request to the Department of Defense seeking "records pertaining to the Algorithmic Warfare Cross-Functional Team's use of Google technology, software or hardware," from January 1, 2017, to March 6, 2018.  The Department identified about 5,000 pages of responsive records, but it withheld them all under FOIA Exemptions 3, 4, 5, and 6.   After several internal remands, the Department affirmed its decision to withhold the records.  Biddle sued, and the parties now cross-move for summary judgment.  *See* ECF Nos. 14, 17.

The Department argues that the information was properly withheld under Exemption 3, which exempts information that is specifically exempted from disclosure by statute.  In doing so, the Department relies on 10 U.S.C. § 130e, which allows it to withhold "critical infrastructure security information."  The Department does not seek to justify its withholdings under any other exemption in its motion, but notes that it "reserves the right to review and withhold all exempt information under other applicable exemptions including, but not limited to, FOIA Exemptions 4, 5, and 6."  ECF No. 14 at 3 n.2.  In response, Biddle argues that the Department has improperly invoked Exemption 3 because the relevant statute does not apply to the information it withheld,

the Department's affidavit is inadequate, and the Department's segregability analysis is insufficient.  He also asserts that he is entitled to summary judgment because the Department has waived its right to invoke the other FOIA exemptions and that, in any event, those exemptions provide no basis for withholding the information.

For the reasons discussed below, the Court finds that the affidavit the Department has supplied does not provide enough information to determine whether it properly applied Exemption 3.  Thus, the Court will deny both parties' motions for summary judgment without prejudice and permit them to file renewed motions consistent with this Memorandum Order.  Moreover, in any such renewed motion, in the interests of judicial economy, the Department will be required to assert, in addition to Exemption 3, any other exemption that it relies on to withhold the records.

In FOIA cases in which an agency invokes any FOIA exemption, the "burden is on the agency to justify withholding the requested documents, and the FOIA directs district courts to determine de novo whether non-disclosure was permissible." *EPIC v. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015).  When conducting its de novo review, a court may grant summary judgment based on the agency's declarations if the "affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith."  *Am. Civil Liberties Union v. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011).  That is, the agency must provide a "logical" or "plausible" justification for the exemption, *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009), and may not rely on "conclusory and generalized allegations of exemptions," *Morley v. CIA*, 508 F.3d 1108, 1114–15 (D.C. Cir. 2007). As the D.C. Circuit explained, agencies must submit sufficiently detailed and specific affidavits for at least three purposes: "it forces the government to analyze

carefully any material withheld, it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, and it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court." *Lykins v. Dep't of Just.*, 725 F.2d 1455, 1463 (D.C. Cir. 1984).  The withholding agency "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information." *King v. Dep't of Just.*, 830 F.2d 210, 223–24 (D.C. Cir. 1987).  That information "is necessary to ensure meaningful review of an agency's claim to withhold information subject to a FOIA request." *Id.* at 223.

The Department invokes Exemption 3, which applies to information that is exempted from disclosure by statute.  Unlike other FOIA exemptions, Exemption 3 "depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage."  *Morley*, 508 F.3d at 1126 (citation omitted).  As noted, the Department relies on 10 U.S.C. § 130e, which permits the withholding of "critical infrastructure security information."  The statute defines that information as:

> sensitive but unclassified information that, if disclosed, would reveal vulnerabilities in Department of Defense critical infrastructure that, if exploited, would likely result in the significant disruption, destruction, or damage of or to Department of Defense operations, property, or facilities, including information regarding the securing and safeguarding of explosives, hazardous chemicals, or pipelines, related to critical infrastructure or protected systems owned or operated by or on behalf of the Department of Defense, including vulnerability assessments prepared by or on behalf of the Department of Defense, explosives safety information (including storage and handling), and other site-specific information on or relating to installation security.

10 U.S.C. § 130e(f).

But the Department's affidavit is not "furnished with sufficient information" for the Court to decide summary judgment "in a meaningful fashion."  *King*, 830 F.2d at 223.  It has provided

almost no specific information about the 5,000 pages it seeks to withhold for the Court to determine whether they are in fact "critical infrastructure security information" and qualify for Exemption 3 withholding.  Instead, it supplies a few short paragraphs that rely on generalizations and conclusory statements.

One specific shortcoming with the Department's affidavit worth highlighting is that it does not explain to what "critical infrastructure" the withheld records relate.  To qualify as "critical infrastructure security information," the information at issue must, "if disclosed . . . reveal vulnerabilities in Department of Defense critical infrastructure." 10 U.S.C. § 130e(f).  The closest the Department comes is asserting that the information "individually or in the aggregate, would enable an adversary to identify capabilities and vulnerabilities in the Department's approach to artificial intelligence development and implementation." ECF No. 14-1 at 4.  The Court is left to wonder how "the Department's approach to artificial intelligence development and implementation" qualifies as "critical infrastructure" under the statute.  Indeed, an "approach" is not usually considered "infrastructure."  In addition, revealing "capabilities"—rather than "vulnerabilities"—does not appear to move the needle under the statute.  In any event, the Department offers no "specific information" on this point "sufficient to place the documents within th[is] exemption category." *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).  All it provides are "broad and vague descriptions" of the information that make it impossible for the Court to conduct its requisite de novo review over the Department's decision to withhold this information as "critical infrastructure security information." *See Prop. of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F. Supp. 3d 373, 388 (D.D.C. 2018).

Aside from whether the Department's "approach to artificial intelligence development and implementation" should be considered "critical infrastructure," the Department's affidavit is

4

deficient in showing that its withholdings qualify as "critical infrastructure security information" in other ways. For example, the affidavit fails to explain *how* the disclosure of the withheld information would reveal any alleged "vulnerabilities" in the critical infrastructure. *See* 10 U.S.C. § 130e(f) (requiring that the information must, "if disclosed . . . reveal vulnerabilities in Department of Defense critical infrastructure.").[1] In many cases, such a connection would be self-evident—for example, the statute provides the case of a "vulnerability assessment" of a military base. *Id.* Not so here. On this point too then, the Court has insufficient information to decide whether the Department has "demonstrate[d] that the information withheld logically falls within the claimed exemption." *Larson*, 565 F.3d at 862.[2]

In short, the overly brief, generalized, and technical (in part) affidavit supplied by the Department does not enable the Court to fulfill its duty and rule on the applicability of the asserted FOIA exemption. *See Prop. of the People, Inc.*, 330 F. Supp. 3d at 377 (finding the agency's declarations "insufficiently detailed and conclusory, and thus, do not permit the Court to determine

---

[1] To be sure, the affidavit describes a long list of the types of information in the Department's withholdings. *See* ECF No. 14-1 at 4. But those descriptions do not make up for the deficiencies described above. "Time and again, courts in this Circuit have stressed that the government cannot justify its withholdings on the basis of summary statements that merely reiterate legal standards or offer far-ranging category definitions for information." *Am. Immigr. Council*, 950 F. Supp. 2d 221, 235 (D.D.C. 2013) (internal quotations and citation omitted). Moreover, the "heavy use of technical jargon" in these paragraphs lacks context that would help the Court evaluate whether the information meets the standard under the statute. *Elec. Priv. Info. Ctr. v. Fed. Bureau of Investigation*, 235 F. Supp. 3d 207, 216 (D.D.C. 2017); *see also King*, 830 F.2d at 221 (explaining that agency affidavits must have "adequate representation of context which, when combined with descriptions of deletions, enables de novo review of the propriety of withholding").

[2] The Court could go on to describe additional deficiencies. For example, the affidavit does not sufficiently explain how disclosure of the vulnerabilities at issue, if exploited, "would *likely* result in the significant disruption, destruction, or damage of or to Department of Defense operations, property, or facilities." 10 U.S.C. § 130e(f) (emphasis added). A "[c]ategorical description of redacted material coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate." *King*, 830 F.2d at 224.

whether the agency may properly withhold" the disputed information).³

Finally, the Court notes that the Department invokes other FOIA exemptions, including Exemptions 4, 5, and 6, but does not attempt to justify its withholdings under them, instead reserving the right to do so at another other time, presumably through another motion. *See* ECF No. 14 at 3 n.2. While the Court appreciates the Department's desire to avoid the administrative burden of reviewing documents for more exemptions, the piecemeal assertion of different exemptions "undermines FOIA's purpose to promote efficient, prompt, and full disclosure of information and the interest of judicial economy." *Woodward v. U.S. Marshals Serv.*, No. 18-cv-1249 (RC), 2022 WL 17961289, at *8 (D.D.C. Dec. 27, 2022) (internal quotations and citation omitted). Indeed, district courts retain the discretion to find a defendant's invocation of FOIA exemptions forfeited if they are not raised timely. *See Shapiro v. Dep't of Just.*, No. 13-cv-555 (RDM), 2016 WL 3023980, at *4 (D.D.C. May 25, 2016). The Court will not exercise its discretion to do so here, given the potentially important national security interests at stake. Still, the Court advises the

---

³ The Court also questions whether the Department has sufficiently shown that it conducted an adequate segregability analysis. FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). And while the agency is "entitled to a presumption that [it] complied with the obligation to disclose reasonably segregable material," it must still "identify the exempt material and provide descriptions of excerpts deemed to be non-segregable, with explanations as to these decisions." *Greenpeace, Inc. v. Dep't of Homeland Sec.*, 311 F. Supp. 3d 110, 132 (D.D.C. 2018) (internal quotations and citations omitted). "This rule of segregation applies to all FOIA exemptions." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007). The Department submitted only two sentences in support of its segregability analysis in which it simply asserts that it "conducted a page-by-page, line-by-line review of each document and determined that no segregation of meaningful information in the withheld documents can be made." ECF No. 14-1 at 6. Courts have found that such conclusory statements, especially without anything more—for example, a *Vaughn* index—are insufficient for the Department to meet its obligations. *See Am. Immigr. Council*, 950 F. Supp. 2d at 248 (holding that defendant's "conclusory assertion" that it "reviewed each record line-by-line to identify information exempt from disclosure . . . will not suffice to discharge this burden").

Department that when it files its renewed motion, it must address any additional FOIA exemptions it wishes to invoke. *Cf. Shapiro v. Dep't of Just.*, 177 F. Supp. 3d 467 (D.D.C. 2016) (permitting the FBI "to assert untimely exemptions to the extent that it can show that the disclosure of such records will compromise national security or sensitive, personal, private information" (cleaned up)).[4]

For all the above reasons, the Court finds that the Department has failed to provide a sufficient basis to justify it withholdings under FOIA's Exemption 3. Thus, it will deny the Department's motion without prejudice and permit it to file a renewed motion, which must include all exemptions it seeks to invoke, including Exemption 3. *See Jud. Watch, Inc. v. Dep't of Just.*, 185 F. Supp. 2d 54 (D.D.C. 2002); *see also Jud. Watch, Inc. v. Dep't of Just.*, No. 17-cv-0832 (CKK), 2019 WL 4644029, at *9 (D.D.C. Sept. 24, 2019) (denying agency's motion without prejudice because it did not explain in sufficient detail how a FOIA exemption applied but permitting the agency to file a second motion due to "the importance of the exemptions at issue"). And because the Court will permit the Department to file a renewed motion, it will similarly deny Plaintiff's motion without prejudice and permit him to do the same. *See Prop. of the People, Inc.*, 330 F. Supp. 3d at 390 (denying the parties' motions without prejudice because the agency failed to submit sufficient information justifying its FOIA withholdings and permitting both parties to file renewed motions).

Thus, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 14, and Plaintiff's Cross-Motion for Summary Judgment, ECF No. 17, are **DENIED**

---

[4] In addition, if necessary to justify its withholdings, the Department may seek to provide affidavits or other materials to the Court for ex parte, in camera review. *See Am. Immigr. Council*, 950 F. Supp. 2d at 235; *see also Lykins*, 725 F.2d at 1463–64.

**WITHOUT PREJUDICE**.  It is further **ORDERED** that the parties shall meet, confer, and submit a joint schedule for briefing renewed motions for summary judgment by October 15, 2024.

    **SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 13, 2024